McGREGOR W. SCOTT
United States Attorney
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　　v.<br>GAYLE LEA FARINHA<br><br>　　　　　Defendant. | CR. NO. S-04-0116-EJG |
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　　v.<br>GAYLE LEA FARINHA,<br><br>　　　　　Defendant. | CR. NO. S-06-0149-GEB<br><br>MOTION TO RELATE CASES<br>AND  ORDER |

　　　Pursuant to this Court's Local Rule 83-123(3) & (4), plaintiff United States of America hereby notifies the Court of the filing of a related case and the United States further moves that the case be related.

　　　On March 24, 2004, an Indictment was filed initiating case no. CR. S-04-0116-EJG against Gayle L. Farinha.  The matter was assigned to U.S. District Court Judge Edward J. Garcia.  The Indictment charged Farinha in fourteen felony counts (including

1

conspiracy, possession of stolen U.S. Mail, and unlawful use of means of i.d. of another to commit a federal crime).

On July 30, 2004, defendant Farinha was convicted as charged in Count One, conspiracy to possess stolen U.S. Mail (18 U.S.C. 371, 1708), and she was convicted as charged in Count Fourteen, unlawful use of means of i.d. of another to commit a federal offense (18 U.S.C. 1028(a)(7)).  See Second Amended Judgment (dated June 3, 2005).  CR 38.

On September 28, 2005, Judge Garcia issued a Petition to Modify Conditions of Supervised Release because defendant Farinha "had not been truthful with the Court through the Court process with regards to illicit drug activity."  CR 39.  Then, on March 9, 2006, Judge Garcia issued a Petition for Warrant for Offender under Supervision (Farinha) alleging 5 violations of conditions of supervised release.  CR 40.  The petition is currently pending before Judge Garcia.

On April 6, 2006, the United States filed an Information charging defendant Farinha with lying to a federal officer in violation of 18 U.S.C. 1001.  See Cr. 06-0149-GEB.  Counsel for defendant Farinha and the United States have negotiated a disposition for the new charge.  Both counsel request that the new charge in Cr 06-0149-GEB be related before the same judicial officer now handing the March 9, 2006 Petition for Warrant for Offender under Supervision (Farinha), namely, Judge Garcia.

The United States submits that the recently charged matter against Farinha, Cr. 06-0149-GEB, should be related before Judge Garcia with the earlier charged case against Farinha, Cr. 04-116-EJG.  In each case there is the same defendant.  The newly charged

2

conduct in Cr. 06-0149-GEB is alleged to have occurred while the offender was under a supervised release Order from Judge Garcia.

Accordingly, the United States submits that in each case, there are related evidence issues, sentencing issues and/or similar witness concerns. Significantly, relation of the case concerning Farinha with the case already before the previously assigned judicial officer (Judge Garcia) would help court personnel and witnesses deal with prosecutive and judicial burdens. Indeed, relating the Farinha matter with the earlier case would be efficient for the U.S. Probation Office.

Dated: 04/06/06                          McGREGOR W. SCOTT
                                         United States Attorney

                                              /s/Michelle Rodriguez
                                         By: _____
                                              MICHELLE RODRIGUEZ
                                              Assistant U.S. Attorney

---------------------------------------------

## RELATED CASE ORDER

Examination of the above-captioned matter, CR. NO. S-04-0116-EJG, and the criminal action in CR. NO. S-06-0149-GEB reveals that the actions are related within the meaning of Local Rule 83-123. The actions involve similar transactions, including as to defendants and witnesses, and would therefore entail a substantial duplication of labor if heard by different judges. Accordingly, the assignment of the matters to the same judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

3

1    The parties should be aware that relating the cases under
2 Local Rule 83-123 merely has the result that the actions are
3 assigned to the same judge; no consolidation of the actions is
4 effected.  Under the regular practice of this court, related cases
5 are assigned to the judge to whom the first filed action was
6 assigned.
7    IT IS THEREFORE ORDERED that the action denominated CR. NO.
8 S-06-0149-GEB is reassigned to Judge Edward J. Garcia, for all
9 further proceedings.  Henceforth, the caption on documents filed in
10 the reassigned case shall show the initials "EJG" instead of the
11 other jurist's initials.
12    IT IS FURTHER ORDERED that the clerk of the Court make
13 appropriate adjustment in the assignment of criminal cases to
14 compensate for this reassignment.
15
16 DATED:   April 7, 2006           /s/ Edward J. Garcia
                                    U.S. DISTRICT COURT JUDGE

4